**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MTV CAPITAL LIMITED PARTNERSHIP, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | NO. CIV-07-0981-HE |
| QUVIS, INC., ET AL., | ) ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, MTV Capital Limited Partnership ("MTV"), initiated this lawsuit against defendant QuVIS, Inc. ("QuVIS"), alleging a breach of contract claim.[1] MTV filed a motion for partial summary judgment as to the breach of contract claim. QuVIS responded to the motion and filed a cross-motion for partial summary judgment as to the claim. These motions were fully briefed. The court held a hearing as to the motions and directed supplemental briefing. That briefing has been submitted to the court and the motions are ripe for disposition.

MTV invested a significant sum in QuVIS in the form of several secured notes subject to a loan agreement. MTV asserts that QuVIS failed to pay the principal balance of and interest on its secured notes on the date they matured and that this failure constitutes an "Event of Default" under the loan agreement, entitling MTV to take possession of certain collateral. QuVIS claims that the principal and interest on the notes have not yet come due,

---

[1]*MTV also asserts other claims, not relevant here, against QuVIS and several of its current or former corporate officers or board of directors members.*

relying on an extension of the maturity date agreed to by the holders of other secured notes representing a majority of the aggregate principal balance of all notes issued under the loan agreement. The parties' dispute arises from their differing views as to the meaning of two clauses contained in the loan agreement. QuVIS asserts that Section 10.01 supports its position as to the extension of the maturity date. This section states in pertinent part:

> **Section 10.01. Events of default.**
>
> (a) Any one or more of the following prior to the date the principal of and interest on all Notes is paid in full or all Notes are converted to Common Stock pursuant to this Agreement shall constitute an Event of Default under this Agreement, unless waived in writing by the Lenders holding Notes with a majority of the Principal Balance;
>
> (I) *Payment of Principal and Interest on Loan.* Failure to pay the Principal Balance of, or interest on, any Note, as and when due as set forth herein which Borrower has not cured within thirty (30) days.

MTV argues that the extension is ineffective because each lender did not consent, relying on Section 12.02 of the loan agreement. This section provides:

> **Section 12.02. Amendments and Waivers; Nonexclusive Rights.** No amendment, modification or waiver of any provision of this Agreement or the Notes shall be effective unless the same shall be in writing and signed by the Borrower and each Lender or an authorized representative of each Lender; provided, however, that any such waiver or consent shall be effective only in the specific instance and for the purpose for which given.

Both parties have labored mightily to urge a construction of these apparently conflicting paragraphs which advances their respective positions. None are persuasive.

While MTV's view — that defaults are subject to waiver by a majority vote until the time of full maturity — strikes the court as the most plausible, it is nonetheless not one which the court can adopt without also, to some extent, rewriting the contract for the parties. That is not the court's role in the face of an ambiguous contract. *See* Fowler v. Lincoln County Conservation Dist., 15 P.3d 502, 507 (2000) ("Where the meaning of an ambiguous written contract is in dispute, evidence of extrinsic facts and circumstances throwing light on the intention of the parties is admissible, and construction of such contract becomes a mixed question of law and fact, and is for jury determination under proper instructions."). The issue must ultimately be resolved after consideration of any evidence as to the intention of the parties. Accordingly, MTV's motion [Doc. #11] and QuVIS' motion [Doc. Nos. 16, 20, & 25] are **DENIED**.

**IT IS SO ORDERED**.

Dated this 8th day of April, 2008.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE